IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DARRIAN DANIELS,<br>    Plaintiff,<br><br>v.<br><br>TRUSEWYCH, *et al.*,<br>    Defendants. | Case No. 3:25-cv-03089-JEH |

**Order**

Plaintiff Darrian Daniels, an inmate at Western Illinois Correctional Center ("Western"), filed an action under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. (Doc. 14). The matter is currently before the Court on Plaintiff's Second Motion for Preliminary Injunction and/or Protective Order. (Doc. 22). For the reasons stated below, Plaintiff's Motion is DENIED.

**I**

At merit review, the Court allowed Plaintiff to proceed on (1) a claim under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA") against Defendant Latoya Hughes, in her official capacity as Acting Director of the Illinois Department of Corrections, based on the alleged denial of Plaintiff's hearing aids at Western; and (2) a claim under the Eighth Amendment against Defendant Dr. Trusewych based on his alleged deliberate indifference to the treatment of Plaintiff's hearing impairment and failure to refer him to an outside audiologist for treatment in February 2025. (Doc. 8 at p. 9).

**II**

On June 9, 2025, Plaintiff filed a Motion for Preliminary Injunction and/or Protective Order seeking a Court Order requiring Defendants to provide him with

his ADA disability accommodation for hearing loss. (Doc. 22 at p. 6). Despite being served with a copy of the Amended Complaint, Plaintiff claims Defendant Dr. Trusewych still refuses to refer him to an outside audiologist for a treatment plan and hearing aids, and Defendant Hughes refuses to "correct this problem." *Id.* at p. 2. Plaintiff alleges prison staff falsely claimed there is nothing in his medical records to indicate he needs hearings aids.

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997); *accord Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right"). To prevail, "the moving party must demonstrate: (1) a likelihood of success on the merits; (2) a lack of an adequate remedy at law; and (3) an irreparable harm will result if the injunction is not granted." *Foodcomm Int'l v. Barry*, 328 F.3d 300, 303 (7th Cir. 2003) (citations omitted). If the moving party meets the first three requirements, then the district court balances the relative harms that could be caused to either party. *Incredible Tech., Inc. v. Virtual Tech., Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005).

The Prisoner Litigation Reform Act ("PLRA") limits the scope of the court's authority to enter an injunction in the corrections context. *Westefer v. Neal,* 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *see also Westefer,* 682 F.3d at 683 (PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prison officials have broad administrative and discretionary authority over the institutions they manage") (internal quotation marks and citation omitted)).

The purpose of a temporary restraining order and ultimately a preliminary injunction is to preserve the status quo pending a final hearing on the merits of the case. *Am. Hosp. Ass'n v. Harris*, 625 F.2d 1328, 1330 (7th Cir. 1980). The relief Plaintiff seeks here is different. The Seventh Circuit has described the type of injunction Plaintiff seeks, where an injunction would require an affirmative act by the defendant, as a mandatory preliminary injunction. *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997). Mandatory injunctions are "cautiously viewed and sparingly issued," because they require the court to command a defendant to take a particular action. *Id.* (citing *Jordan v. Wolke*, 593 F.2d 772, 774 (7th Cir. 1978)).

To succeed on his Eighth Amendment deliberate indifference claim against Defendant Dr. Trusewych, Plaintiff must first show that he suffered from an objectively serious medical condition. Second, Plaintiff must show that Dr. Trusewych acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. In other words, he must establish that Dr. Trusewych knew of and disregarded an excessive risk to his health. *Id*. at 837. Plaintiff must show that Dr. Trusewych engaged in more than negligence and that his conduct approached intentional wrongdoing or criminal recklessness. *Holloway v. Delaware Cnty. Sheriff*, 700 F.3d 1063, 1073 (7th Cir. 2012) (citing *Farmer*, 511 U.S. at 837).

To succeed on a claim under the ADA, Plaintiff must show "he is a qualified individual with a disability, that he was denied the benefits of the services, programs, or activities of a public entity or otherwise subjected to discrimination by such an entity, and that the denial or discrimination was by reason of his disability." *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015).

Plaintiff has not provided any medical records to substantiate his claims that Defendants have ignored or denied his requests to see an outside audiologist or to confirm that he is disabled. Plaintiff attached a portion of an affidavit from Joleen Klump, the Assistant ADA Coordinator at Menard Correctional Center

("Menard"), to his Motion to demonstrate that he was placed in the queue to see an audiologist when he was incarcerated at Menard. Ms. Klump's affidavit was filed in *Daniels v. Wills, et al.*, Case No. 3:24-cv-01397-DWD (S.D. Ill. May 28, 2024) (Doc. 23-1).

At best, Plaintiff's allegations permit a reasonable inference that he disagrees with the course of treatment he has received at Western, that Defendants chose a course of treatment different from that previously provided, or that he desired alternative treatment, none of which are sufficient to show a constitutional violation. *Petties v. Carter*, 836 F.3d 722, 729 (7th Cir. 2016) ("Evidence that *some* medical professionals would have chosen a different course of treatment is insufficient to make out a constitutional claim.") (emphasis in original); *Harper v. Santos*, 847 F.3d 923, 928 (7th Cir. 2017) (prisoner is not entitled to dictate medical treatment); *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) (disagreement with course of treatment not sufficient to show constitutional violation).

Plaintiff has not demonstrated a substantial likelihood of success on the merits of his claims at this early stage of the proceedings. Therefore, Plaintiff's Motion is DENIED.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Preliminary Injunction and/or Protective Order [22] is DENIED.**

*It is so ordered.*

Entered: June 12, 2025

s/Jonathan E. Hawley
U.S. District Judge