IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DARRIAN DANIELS,<br>　　　Plaintiff,<br><br>v.<br><br>ZORIAN TRUSEWYCH, *et al.*,<br>　　　Defendants. | Case No. 3:25-cv-03089-JEH |

**Order**

　　This matter is now before the Court on Defendants Dr. Zorian Trusewych's and LaToya Hughes' Motions for Summary Judgment regarding exhaustion of administrative remedies under Federal Rule of Civil Procedure 56 and Local Rule 7.1(D). (Docs. 36, 45). For the reasons stated below, Defendant Trusewych's Motion is DENIED, and Defendant Hughes' Motion is GRANTED.

**I**

　　Plaintiff Darrian Daniels, proceeding *pro se* and incarcerated at Western Illinois Correctional Center ("Western"), filed an Amended Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. (Doc. 14). The Court entered a Merit Review Order allowing Plaintiff to proceed on an Eighth Amendment claim against Defendant Trusewych based on his alleged deliberate indifference to Plaintiff's hearing impairment and failure to refer him to an audiologist for treatment in February 2025. (Doc. 13 at p. 9). Due to the lack of hearing aids, Plaintiff alleged he was forced to communicate in writing, unable to participate in video conferences with his psychologist, and unable to talk to his family and attorney on the phone. The Court also allowed Plaintiff to proceed on claims under the Americans with Disabilities Act ("ADA") and Rehabilitation Act

1

("RA") against Defendant Hughes, in her official capacity as Director of the Illinois Department of Corrections ("IDOC"), based on the alleged denial of Plaintiff's hearing aids at Western. *Id.*

On August 11, 2025, Defendant Trusewych filed a Motion for Summary Judgment on Exhaustion (Doc. 36), Plaintiff filed a Response (Doc. 47), and Defendant filed a Reply (Doc. 51).

On September 22, 2025, Defendant Hughes filed a Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (Doc. 45), Plaintiff filed a Response (Doc. 53), and Defendant filed a Reply (Doc. 54).

## II

### A

As an initial matter, the Court notes Plaintiff failed to properly respond to any of Defendants' Undisputed Material Facts in his Responses pursuant to the Court's Local Rules. (Docs. 47, 53). Local Rule 7.1(D)(2)(b) provides that a response to a summary judgment motion must state, in separate subsections: undisputed material facts, disputed material facts, disputed immaterial facts, undisputed immaterial facts, and additional material facts. Civil LR 7.1(D)(2)(b)(1)-(4). "A failure to respond to any numbered fact will be deemed an admission of the fact." *Id.* at (6). Therefore, the Court deems Defendants' Undisputed Material Facts to have been admitted by Plaintiff. That being said, the Court will exercise its discretion by reviewing the materials in the record and the arguments in Plaintiff's Responses, as the Court "is confident in its ability to understand which material facts are actually in dispute." *Latko v. Cox*, 2021 WL 5234863, at *2 (7th Cir. Nov. 10, 2021); *White v. Felchner*, 2021 WL 3223067, at *2 (C.D. Ill. July 29, 2021).

### B

Plaintiff was an inmate in the custody of the IDOC and incarcerated at Western. Defendant Trusewych, a physician employed by Wexford Health

2

Sources, Inc. ("Wexford"), provided medical care to inmates at Western. Defendant Hughes is the IDOC Director.

On January 23, 2025, Plaintiff wrote a grievance alleging Wexford employees John and Jane Doe violated his constitutional rights. (Doc. 45-1 at pp. 3-4; Doc. 45-2 at ¶ 10). Plaintiff alleged he experienced hearing loss in both ears due to injuries, previously failed a hearing test, and was given hearing aids. Plaintiff claimed Wexford staff tampered with his medical records, there was nothing in his medical file to indicate he suffered from hearing loss, and he needed to retake the hearing test.

Plaintiff did not complain about Western's failure to provide ADA accommodations, include any reference to Defendant Trusewych by name or position, or allege any specific act or omission by Defendant Trusewych. Plaintiff's grievance, which was dated January 23, 2025, pre-dates Plaintiff's first visit with Defendant Trusewych in February 2025, which forms the basis of his deliberate indifference claim. (Doc. 14 at p. 3).

On February 4, 2025, the Administrative Review Board ("ARB") received Plaintiff's grievance, which the ARB identified as "DOC 0046." (Doc. 45-1 at p. 2). On April 17, 2025, the ARB returned Plaintiff's grievance because he failed to submit responses from the Grievance Officer and Chief Administrative Officer ("CAO") with his appeal under Department Rule 504F. *Id.* The ARB instructed Plaintiff to provide a copy of the Greivance Officer's and CAO's responses. *Id.* Plaintiff did not resubmit his appeal to the ARB. (Doc. 45-2 at ¶ 16).

According to his grievance records, Plaintiff did not submit any additional grievances regarding the allegations in his Amended Complaint. (Doc. 36-1 at ¶ 11). However, Plaintiff attached an emergency grievance dated February 3, 2025 to his Amended Complaint. (Doc. 14 at pp. 7-8). Plaintiff grieved Defendant Trusewych stated there was nothing in Plaintiff's medical file indicating he ever

3

failed a hearing test or had any injuries, and as a result, Plaintiff would not be considered an ADA offender at Western. *Id.* Plaintiff stated he failed several hearing tests in the past and received hearing aids in 2022, but the hearing aids were confiscated in 2024 for retaliatory reasons. Plaintiff stated he was on the list to get a treatment plan from an audiologist before he was transferred to Western. In the Relief Requested section, Plaintiff requested treatment for his hearing loss. *Id.* at p. 7. Plaintiff asserts Warden Greene did not respond to his emergency grievance and that he sent her two letters to follow up. (Doc. 47-1 at pp. 1-4).

### III

### A

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In ruling on a motion for summary judgment, "[t]he court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). In making this determination, the court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "Inferences that are supported by only speculation or conjecture will not defeat a summary judgment motion." *McDonald v. Vill. of Winnetka*, 371 F.3d 992, 1001 (7th Cir. 2004). In order to successfully oppose a motion for summary judgment, a plaintiff must do more than raise a "'metaphysical doubt' as to the material facts, and instead must present definite, competent evidence to rebut the motion." *Michael v. St. Joseph Cnty.*, 259 F.3d 842, 845 (7th Cir. 2001) (internal citation omitted).

B

"The Prison Litigation Reform Act of 1995 (PLRA) requires prisoners with complaints about prison conditions to exhaust available grievance procedures before bringing suit in federal court." *Perttu v. Richards*, 605 U.S. 460, 464 (2025). The defendant has the burden of proving that a plaintiff failed to exhaust administrative remedies. *Banks v. Patton*, 743 F. App'x 690, 695 (7th Cir. 2018). Parties "have a right to a jury trial on PLRA exhaustion when that issue is intertwined with the merits of a claim . . . ." *Perttu*, 605 U.S. at 469. Here, the exhaustion issue is not intertwined with the merits of Plaintiff's claims. There is no jury issue regarding exhaustion of administrative remedies.

"To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Plaintiff was required to follow the grievance procedures described in the regulations provided by the IDOC. 20 Ill. Admin. Code § 504.800, *et seq*. In Illinois, inmates may utilize (1) a normal, non-emergency grievance procedure, or (2) an emergency grievance procedure.

Under the non-emergency procedure, inmates must follow a three-step process. First, offenders must try to resolve their issues through their counselor. § 504.810. If the issue persists, the offender may file a grievance addressed to the Grievance Officer within 60 days after the incident was discovered. *Id*. The grievance must contain factual details, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint. § 504.810(c). If the offender cannot name specific individuals, the offender "must include as much descriptive information about the individual as possible." *Id*. The Grievance Officer will then make a report of findings and recommendations in writing to the CAO within two months, "when reasonably feasible under the circumstances." §§ 504.810(a), 504.830(e). The CAO will advise

the offender of the decision. *Id*. If the offender is not satisfied with the outcome, he may appeal to the Director. The appeal must be received by the ARB within 30 days after the date of the CAO's decision. § 504.850. The ARB will submit a report to the Director, who will review the findings and make a final determination within six months after receiving it, "when reasonably feasible under the circumstances." § 504.850(e).

A different procedure exists for emergency grievances. Inmates may submit emergency grievances directly to the CAO. § 504.840. The CAO will determine if there is "a substantial risk of imminent personal injury or other serious or irreparable harm" to the inmate that warrants the grievance being handled on an emergency basis. *Id.* at (a). If the CAO classifies the grievance as an emergency, the CAO "shall expedite processing of the grievance and respond to the offender, indicating what action shall be or has been taken." *Id.* at (b). After receiving a response from the CAO, if the inmate believes his problem or complaint has not been resolved, he may appeal in writing to the ARB. § 504.850(a). When an inmate appeals a grievance that has been deemed emergent by the CAO, the ARB "shall expedite the processing of the grievance." § 504.850(f).

An inmate who fails to properly take every step of the administrative process has failed to exhaust his remedies. *Chambers v. Sood*, 956 F.3d 979, 983 (7th Cir. 2020). The Seventh Circuit takes a strict compliance approach to exhaustion, requiring inmates to follow all grievance rules established by the correctional authority. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Failure to exhaust administrative remedies is an affirmative defense, and defendants have the burden of proving the inmate had available remedies he did not utilize. *Id*. A lawsuit filed by an inmate before he exhausted his administrative remedies must be dismissed because the court lacks the discretion to resolve the claim on the

6

merits. *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999); *Jones v. Bock*, 549 U.S. 199, 223 (2007).

## C

Defendants argue Plaintiff failed to exhaust his administrative remedies with his January 23, 2025 grievance because he did not grieve the allegations in his Amended Complaint.

Plaintiff did not name or describe Defendant Trusewych or allege that Defendant Trusewych denied him hearing aids and medical treatment or failed to refer him to an audiologist. Plaintiff's grievance also did not allege he was unable to participate in video meetings with his psychologist or talk with his family and attorney on the phone.

The Court finds Plaintiff's January 23, 2025 grievance does not contain sufficient factual details regarding Defendants or the claims in this case under § 504.810(c). A grievance that fails to complain of a defendant's conduct does not satisfy the purpose of the exhaustion requirement in affording corrections officials an opportunity to address complaints internally before a lawsuit is filed. *See Hacker v. Dart*, 62 F.4th 1073, 1084 (7th Cir. 2023) (citing *Porter v. Nussle*, 534 U.S. 516, 525 (2002)); *see also Roberts v. Neal*, 745 F.3d 232, 235-36 (7th Cir. 2014) (failing to identify the target of a grievance is fatal under Illinois law).

## D

Even if Plaintiff's January 23, 2025 grievance contained sufficient factual details, Defendants argue Plaintiff's failure to obtain a final determination from the ARB bars him from filing suit.

Plaintiff did not submit his grievance to his counselor, the Grievance Officer, or the CAO. Instead, Plaintiff submitted his grievance directly to the ARB. In his Response, Plaintiff asserts he sent the grievance directly to the ARB due to the seriousness of the issue. (Doc. 53 at p. 2).

The Illinois Administrative Code allows inmates to submit grievances directly to the ARB under certain circumstances, but none of the exceptions apply to Plaintiff's January 23, 2025 grievance. *See* § 504.870(a)(1)-(4). The ARB returned Plaintiff's grievance without addressing it on the merits because Plaintiff failed to attach the Grievance Officer's report and the CAO's decision, as required by § 504.850(a). The ARB instructed Plaintiff to resubmit his grievance with the required forms, but Plaintiff did not do so. Therefore, the Court finds Plaintiff did not exhaust his administrative remedies with his January 23, 2025 grievance.

E

In Plaintiff's Responses to Defendants' Motions for Summary Judgment, Plaintiff argues he exhausted his administrative remedies by submitting an emergency grievance on February 3, 2025, naming Defendant Trusewych and requesting treatment for hearing loss. (Doc. 14 at pp. 7-8; Doc. 47 at p. 3; Doc. 53 at p. 3). In his grievance, Plaintiff asserted Defendant Trusewych falsely stated there was nothing in his medical records indicating he failed a hearing test or that he injured his ears. Plaintiff asserted he failed several hearing tests in the past and received hearing aids in 2022, which were confiscated in 2024 for retaliatory reasons. Plaintiff stated he was on a list to get a treatment plan from an audiologist before he was transferred to Western.

Plaintiff argues Warden Greene ignored his emergency grievance. Plaintiff states he sent two letters to Warden Greene on February 10 and 19, 2025, to follow up about his emergency grievance, to no avail. (Doc. 47-1 at pp. 1-4). Plaintiff argues he waited 60 days for Warden Greene to respond to his grievance and then filed suit on April 10, 2025. Plaintiff argues he exhausted his available administrative remedies.

**1**

In her Reply, Defendant Hughes argues there is no evidence Plaintiff submitted an emergency grievance on February 3, 2025, because his grievance is not in his grievance records. Defendant Hughes argues there is no evidence the grievance process was "unavailable" to Plaintiff because his grievance records show he wrote other emergency grievances on February 12, 17, and 20, 2025, which Warden Greene promptly responded to. (Doc. 54-1).

Defendant Hughes also argues Plaintiff's February 3, 2025 grievance makes no reference to requesting ADA accommodations. The Court agrees. Although Plaintiff checked a box on the grievance form for "ADA Disability Accommodation," his grievance makes no reference to being forced to communicate by writing and being unable to participate in video conferences with his psychologist and talk with his family and attorney on the phone. (Doc. 14 at pp. 7-8).

Even if Plaintiff submitted an emergency grievance on February 3, 2025, the Court finds it would not serve to exhaust his administrative remedies against Defendant Hughes, as it does not contain sufficient factual information under § 504.810(c) to place prison officials on notice of his claims related to the ADA and RA. Therefore, summary judgment is GRANTED in favor of Defendant Hughes.

**2**

The February 3, 2025 emergency grievance serves to exhaust Plaintiff's administrative remedies against Defendant Trusewych, however. The grievance was timely, identified Defendant Trusewych, and included sufficient information to place prison officials on notice of the relevant issues regarding Defendant Trusewych. § 504.810(c).

In his Motion for Summary Judgment, Defendant Trusewych asserts Plaintiff's grievance does not contain a counselor's response and was not appealed

9

to the ARB. (Doc. 36 at p. 5, ¶ 18). However, Plaintiff checked the box on the grievance form to indicate his grievance was an emergency. (Doc. 14 at p. 7). Under the Illinois Administrative Code, Plaintiff was not required to submit the emergency grievance to his counselor. Instead, Warden Greene was required to review the grievance and determine if it constituted an emergency. § 504.840. Plaintiff argues he never received a response from Warden Greene and wrote two letters to follow up. (Doc. 47-1 at pp. 1-4). Defendant Trusewych does not address these arguments in his Reply. (Doc. 51).

Exhaustion is an affirmative defense, and the burden is on the defendant to prove by a preponderance of the evidence that an administrative remedy was available to the plaintiff and that he failed to exhaust that remedy. *Westefer v. Snyder*, 422 F.3d 570, 577 (7th Cir. 2005). Defendant Trusewych has not met this burden. Defendant Trusewych failed to refute Plaintiff's assertion that he submitted an emergency grievance on February 3, 2025. (Doc. 51). Thus, Plaintiff's contention that he submitted an emergency grievance on February 3, 2025 and did not receive a response from Warden Greene is undisputed. As no disputed issue of material fact exists, the Court finds a hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (2008), is unnecessary.

The Court finds the grievance process became unavailable to Plaintiff when he did not receive a response to his emergency grievance from Warden Greene. "Prison officials may not take unfair advantage of the exhaustion requirement, however, and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809 (citing *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002)). Defendant Trusewych's Motion for Summary Judgment is DENIED.

**IT IS THEREFORE ORDERED:**

1) **Defendant Zorian Trusewych's Motion for Summary Judgment [36] is DENIED. Defendant LaToya Hughes' Motion for Summary Judgment [45] is GRANTED. Defendant Hughes is DISMISSED WITHOUT PREJUDICE. The Clerk is directed to TERMINATE Defendant Hughes.**

2) **Discovery closes on January 9, 2026, and dispositive motions are due on February 9, 2026.**

*It is so ordered.*

Entered: October 31, 2025

s/Jonathan E. Hawley
U.S. District Judge